UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN BEESON,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br><br>        Counterclaim Plaintiff,<br><br>vs.<br><br>JOHN BEESON,<br><br>        Counterclaim Defendant, and<br><br>HAN MOELJADI and CHRISTOPHER RIESTAJUANA,<br><br>        Additional Defendants on Counterclaim<br>_____ | Case No.: 2:08-cv-1298-RLH-LRL<br><br>**O R D E R**<br><br>(Motion for Default Judgment Against Han Moeljadi–#36) |

Before the Court is Defendant and Counterclaimant the United States of America's **Motion for Default Judgment Against Han Moeljadi** (#36), filed March 18, 2010. No opposition has been filed.

**BACKGROUND**

On January 16, 2009, the United States filed a counterclaim against Moeljadi and two other individuals seeking judgment on outstanding tax assessments. The United States alleges

1

Moeljadi failed to pay taxes from Jitters Gourmet Coffee, Inc. for the 2002 tax year.  The United States has submitted documentation indicating that Moeljadi's federal tax liability totals $102,518.36.

On March 23, 2009, the United States, through an authorized process server, served Moeljadi's spouse at the couple's residence in Culver City, California.  Moeljadi has not responded to the United States' complaint against him or filed any sort of appearance in this case.  On June 3, 2010, the Clerk of the Court entered a default against Moeljadi.  The United States now moves for default judgment.  For the reasons discussed below, the Court grants the United States' motion.

## DISCUSSION

**I.   Adequate Service**

Before entering default, a Court must ensure that the plaintiff adequately served the defendant with process.  *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).  Otherwise, the Court ordinarily may not exercise power over the defendant.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  But the rule is flexible and "should be liberally construed so long as the party receives sufficient notice of the complaint."  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quotations omitted).  Moreover, a defendant may waive the defense of insufficient service of process if she fails to raise the issue in a responsive pleading.  Fed. R. Civ. P. 12(h)(1)(B)(ii).

The Court finds the United States adequately served Moeljadi with process.  The server was properly authorized to serve process and he returned all of the necessary documentation needed to perfect service.  Accordingly, the Court finds that Moeljadi was properly on notice regarding the United States' claims against him.

**II.   Default Judgment**

Pursuant to Fed. R. Civ. P. 55(b), a court has discretion to enter default judgment following the entry of default by the Clerk of the Court.  *See Aldabe v. Aldabe*, 616 F.2d 1089,

1092 (9th Cir. 1980).  In exercising its discretion, a court may consider: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the amount in controversy, (5) the possibility of a dispute concerning material facts, (6) whether default is due to excusable neglect, and (7) the strong policy favoring decisions on the merits (collectively, "the *Eitel* factors").  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  In making its determination, the court assumes that the factual allegations of the complaint are true, except those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  A plaintiff must prove its damages and the judgment must "not differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed. R. Civ. P. 54(c).

Taking all of these factors into account, the Court grants the United States' motion for default judgment.  In coming to this conclusion, the Court is persuaded by the fact that (1) Moeljadi was on notice regarding this lawsuit; (2) Moeljadi has had more than adequate time to respond to the United States' assertions; and (3) there appears to be no dispute among any of the other parties in this case that Moeljadi owes the amount in question to the United States in back taxes.  In light of these facts, the Court concludes the United States' motion for default judgment is proper, and it hereby grants this motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the United States' Motion for Default Judgment (#36) is GRANTED.  Default judgment shall be entered against Moeljadi for $102,518.36.

Dated: June 15, 2010.

_____
ROGER L. HUNT
Chief United States District Judge